IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHARLES SYLVESTER BELL, # 30115**                                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 2:15cv115-KS-MTP**

**RICHARD MCKENZIE, GLEN WHITE,**
**BOYCE HOLLEMAN, DECEASED,**
**JEFFERSON STEWART, and ALISON**
**STEINER**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Charles Sylvester Bell is incarcerated with the Mississippi Department of Corrections, and he brings this action for damages, challenging his prior conviction and sentence for armed robbery. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

In 1977, Bell was convicted, in the Circuit of Court of Forrest County, Mississippi, of the capital murder of D.C. Haden, with the underlying felonies of armed robbery and kidnaping. For this he was originally sentenced to death. At the time, Bell had a prior 1976 capital murder conviction, for which he was already serving a life sentence. *Bell v. State*, 353 So. 2d 1141, 1142 (Miss. 1977). He also had an August 20, 1976 conviction, from Missouri, of first degree robbery with a dangerous and deadly weapon, for which he had been sentenced to sixteen years. (Compl. Ex. A at 9). The Fifth Circuit Court of Appeals vacated his death sentence. That court instructed that a writ of habeas corpus would issue for Bell's release "unless the State of Mississippi decide[d] within a reasonable time to conduct a new sentencing proceeding or to impose a sentence less than death." *Bell v. Watkins*, 692 F.2d 999, 1014 (5th Cir. 1982).

The State of Mississippi then sought to re-sentence Bell for the capital murder of Haden. Additionally, the State indicted Bell as an habitual offender, for the armed robbery of Haden. The habitual offender statute, however, did not exist at the time of the crime. *Bell v. State*, 751 So. 2d 1035, 1036 (¶ 3) (Miss. 1999). Defendant Glen White was the new District Attorney who prosecuted the re-sentencing and armed robbery. Bell's appointed counsel were Defendants Boyce Holleman, now deceased, Jefferson Stewart, and Alison Steiner. Defendant Judge Richard McKenzie was the trial judge. On August 9, 1984, as a result of a plea agreement, Bell pled guilty to the armed robbery, as an habitual offender, and the State did not seek the death penalty in the re-sentencing. (Compl. Ex. A at 2). Bell was sentenced to life imprisonment for the capital murder of Haden and was sentenced to twenty-five years, without parole, for his armed robbery. The twenty-five years was to be served consecutively, after both consecutive life sentences.

Eventually, Bell had the armed robbery conviction overturned. On September 10, 2013, the Mississippi Supreme Court remanded the case to the trial court to see if Bell had knowingly and voluntarily waived his right to be free from double jeopardy, and if so, "whether such waivers are constitutionally permissible." *Bell v. State*, 123 So. 3d 924, 925 (Miss. 2013). On remand, the trial court held that Bell "did not waive his double jeopardy rights by entering a knowing and voluntary plea of guilty," and the court reversed the armed robbery conviction, on July 11, 2014. (Compl. Ex. B).

On September 3, 2015, Bell filed the instant action against the trial judge, district attorney, and defense counsel whom were involved in the armed robbery conviction in 1984. Bell specifically invokes 42 U.S.C. § 1983, seeking damages for a violation of double jeopardy,

the ex post facto application of the habitual offender enhancement, and ineffective assistance of counsel.  Bell also asserts the Double Jeopardy Clause of the State constitution.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Bell to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

Bell sues for a wrongful armed robbery conviction and sentence, alleging violations of double jeopardy, ex post facto, and the right to effective assistance of counsel.  Judge McKenzie and White are sued in both their individual and official capacities.

JUDGE MCKENZIE

I.     INDIVIDUAL CAPACITY

Bell first sues Judge McKenzie in his individual capacity. Bell claims that Judge McKenzie erred by convicting Bell of armed robbery in violation of double jeopardy. The claim is about actions taken in the course and scope of Judge McKenzie's role as judge over Bell's 1984 criminal case. A judge enjoys absolute immunity from a civil action when performing within his judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit Court of Appeals announced a four factor test to determine whether a judge acted within the scope of his judicial capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at 515. In applying the four factors to the facts alleged, it is clear that Judge McKenzie is absolutely immune from this lawsuit. The decisions as to whether to accept a guilty plea or enter a judgment of conviction are clearly within the normal judicial functions which arose out of his official capacity. Furthermore, there is no indication that his actions occurred outside the courtroom or his chambers. The controversy undisputedly centered around a criminal case that

was pending before him. Consequently, this Court finds that Bell cannot maintain this action against Judge McKenzie in his individual capacity.

II.     OFFICIAL CAPACITY

As for Judge McKenzie's official capacity, a claim brought against a government employee in his or her official capacity is actually a claim against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "A local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county." *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995). Rather, when acting in his judicial capacity, an official capacity claim against a state court judge is actually one against the state. *See Davis v. Tarrant County, Tex.*, 565 F.3d 214, 228 (5th Cir. 2009). As set forth previously, Judge McKenzie was acting in his judicial capacity. Therefore, the official capacity claim against Judge McKenzie is actually against the State of Mississippi. As such, the claim is barred by the Eleventh Amendment, and Bell may not proceed on the claim in federal court. *Id.*

GLEN WHITE

Next the Court considers the claims against former District Attorney Glen White. Bell accuses White of prosecuting him for armed robbery after he had already been convicted, based on this exact conduct, of capital murder. Bell also sues White for the habitual offender sentence.

I.     INDIVIDUAL CAPACITY

A prosecutor enjoys "the same absolute immunity under § 1983 that the prosecutor enjoys at common law." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity extends to "initiating a prosecution and in presenting the State's case." *Id.* at 431. The prosecutor is being sued for initiating and presenting the armed robbery case against Bell.

5

Because prosecutorial immunity applies to this conduct, White is dismissed.

## II.   OFFICIAL CAPACITY

The Fifth Circuit has previously held that a district attorney in Mississippi is a state official. *Chrissy F., ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991). "As a state actor, the district attorney is shielded in his official capacity by Eleventh Amendment immunity." *Brooks v. George County*, 84 F.3d 157, 168 (5th Cir. 1996). Therefore, White, in his official capacity, is likewise immune from this suit for damages.

### BOYCE HOLLEMAN, JEFFERSON STEWART, AND ALISON STEINER

Finally, Bell sues Holleman, Stewart, and Steiner under § 1983 for the alleged ineffective assistance of counsel in advising Bell to plead guilty to armed robbery, even though it had already served to support his 1977 capital murder conviction.

This § 1983 claim against Bell's former appointed defense counsel fails, because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). This is because, whether or not he was retained or appointed, he owes his duty to his client, not the State. *Id.* at 318. Bell merely complains about Holleman, Stewart, and Steiner's advice during the course of the armed robbery case. This claim is dismissed with prejudice as frivolous, and this dismissal counts as a strike pursuant to § 1915(g). *Marts v. Hines*, 68 F.3d 134,136 (5th Cir. 1995).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendants Richard McKenzie and Glen White, in their individual capacities, should be, and are hereby, **DISMISSED WITH PREJUDICE** as immune from suit.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants McKenzie and White, in their official capacities, are **DISMISSED WITHOUT PREJUDICE**, pursuant to Eleventh Amendment immunity.

**IT IS FURTHER ORDERED AND ADJUDGED** that the claim against Defendants Boyce Holleman, deceased, Jefferson Stewart, and Alison Steiner are **DISMISSED WITH PREJUDICE** as frivolous.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 27th day of January, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE