## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**CHARLES SYLVESTER BELL, # 30115**                                        **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 2:15-CV-115-KS-MTP**

**RICHARD MCKENZIE, GLEN WHITE**
**BOYCE HOLLEMAN, DECEASED,**
**JEFFERSON STEWART, and ALISON**
**STEINER**                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Charles Sylvester Bell's ("Bell") Motion for

Relief from Judgment or Order ("Motion for Relief") [14]. After considering the submissions of the

parties, the record, and the applicable law, the Court finds that this motion should be denied.

### I.  BACKGROUND

In 1977, Bell was convicted, in the Circuit of Court of Forrest County, Mississippi, of the

capital murder of D.C. Haden, with the underlying felonies of armed robbery and kidnapping.  For

this he was originally sentenced to death.  At the time, Bell had a prior 1976 capital murder

conviction, for which he was already serving a life sentence. *Bell v. State*, 353 So. 2d 1141, 1142

(Miss. 1977).  He also had an August 20, 1976 conviction, from Missouri, of first degree robbery

with a dangerous and deadly weapon, for which he had been sentenced to sixteen years.  (Compl.

Ex. A at 9.)  The Fifth Circuit Court of Appeals vacated his death sentence.  That court instructed

that a writ of habeas corpus would issue for Bell's release "unless the State of Mississippi decide[d]

within a reasonable time to conduct a new sentencing proceeding or to impose a sentence less than

death." *Bell v. Watkins*, 692 F.2d 999, 1014 (5th Cir. 1982).

The State of Mississippi then sought to re-sentence Bell for the capital murder of Haden.

Additionally, the State indicted Bell as an habitual offender, for the armed robbery of Haden.  The

habitual offender statute, however, did not exist at the time of the crime. *Bell v. State*, 751 So. 2d 1035, 1036 (¶ 3) (Miss. 1999).   Defendant Glen White was the new District Attorney who prosecuted the re-sentencing and armed robbery. Bell's appointed counsel were Defendants Boyce Holleman, now deceased, Jefferson Stewart, and Alison Steiner.   Defendant Judge Richard McKenzie was the trial judge.   On August 9, 1984, as a result of a plea agreement, Bell pled guilty to the armed robbery, as a habitual offender, and the State did not seek the death penalty in the re-sentencing.   (Compl. Ex. A at 2.)   Bell was sentenced to life imprisonment for the capital murder of Haden and was sentenced to twenty-five years, without parole, for his armed robbery.   The twenty-five years was to be served consecutively, after both consecutive life sentences.

Eventually, Bell had the armed robbery conviction overturned.   On September 10, 2013, the Mississippi Supreme Court remanded the case to the trial court to see if Bell had knowingly and voluntarily waived his right to be free from double jeopardy, and if so, "whether such waivers are constitutionally permissible." *Bell v. State*, 123 So. 3d 924, 925 (Miss. 2013). On remand, the trial court held that Bell "did not waive his double jeopardy rights by entering a knowing and voluntary plea of guilty," and the court reversed the armed robbery conviction, on July 11, 2014.   (Compl. Ex. B.)

On September 3, 2015, Bell filed the instant action against the trial judge, district attorney, and defense counsel who were involved in the armed robbery conviction in 1984.   Bell specifically invoked 42 U.S.C. § 1983, seeking damages for a violation of double jeopardy, the ex post facto application of the habitual offender enhancement, and ineffective assistance of counsel.   Bell also asserted a violation of the Double Jeopardy Clause of the State constitution.

This Court dismissed all of Bell's claims in its Order [12] on January 27, 2016.   The Court found that Bell's claims against the trial judge and the district attorney were barred by absolute

immunity.  The Court further found that Bell had no claim against his defense counsel under 42 U.S.C. § 1983, because they were not acting under the color of state law.

Bell now brings his Motion for Relief, purportedly under Mississippi Rule of Civil Procedure 60(b), asking the Court to reconsider the dismissal of his action.

## II.  DISCUSSION

Despite Bell's reliance on the Mississippi Rules of Civil Procedure, the Court must analyze his motion under the applicable federal rules.  "A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (internal citations omitted).  Because Bell's motion was filed within this time-frame, it will be analyzed under Federal Rule of Civil Procedure 59(e).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).  There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008).  Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." *Id*.

Bell argues that the Court's previous decision did not take into account the allegations that the defendants violated clearly established constitutional law and are consequently unprotected by

3

qualified immunity.  The Court assumes that Bell is raising this argument due to "the need to correct a clear error of law" in its earlier Order [12].  Bell's contentions, however, are misplaced.  The Court did not rule that qualified immunity protected any of the defendants.  Instead, the Court found that the trial judge and the prosecutor were protected by absolute immunity.  "Absolute immunity is more broad than the more common qualified immunity" and "precludes any action for damages, so long as the challenged conduct falls within the scope of the immunity."  *Hodorowski v. Ray*, 844 F.2d 1210, 1212-13 (5th Cir. 1988) (internal citations and quotations omitted).  Absolute immunity is a bar to suit under § 1983 even when the official knew or should have known they were violating a clearly established constitutional right.  *Id.* at 1213.  The Court therefore applied the correct law in its previous Order [12] and there is no clear error of law to be corrected.  Bell's Motion for Relief [14] will be **denied**.

## V.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Bells' Motion for Relief [14] is **denied**.

SO ORDERED AND ADJUDGED this the 16th day of February, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

4